IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIE ESCABA, individually and on behalf of all others similarly situated | ) ) ) |
| v. | No. 3-11-0575 ) ) |
| TOBACCO FOR LESS, INC;[1] ATM CENTRAL, LLC; and JOHN DOE 2,3, unknown; and RAJNIL, INC. d/b/a Tobacco For Less, as a former John Doe l | ) ) ) ) ) ) |

O R D E R

Pursuant to the order entered August 16, 2011 (Docket Entry No. 23), the initial case management conference was rescheduled to August 23, 2011, at which time the following matters were addressed:

1. Counsel for defendants ATM Central, LLC ("ATM") and Rajnil, Inc. ("Rajnil") provided plaintiff's counsel with copies of the lease agreement, the Processing Agreement between ATM and Max-Mart, and the Merchant Participation between Max Mart and First Financial Bank. After having an opportunity to review those documents, plaintiff's counsel advised that it appeared that he would agree to dismiss ATM and Rajnil as defendants inasmuch as it appeared that neither defendant is the operator of the ATM machine at issue, and that he expected to name Max Mart, Samco, and/or Ashok Mujal as additional defendants.

2. The plaintiff's motion to extend time to file (Docket Entry No. 24) was GRANTED. An extended deadline for the plaintiff to file a motion for class certification will be set by further order.

3. The time for defendant Rajnil to file a response to the complaint is extended and a specific deadline will be established by further order, if defendant Rajnil remains a party in this case.

---

[1] Defendant Tobacco for Less, Inc. was dismissed by order entered June 29, 2011 (Docket Entry No. 8).

4. The plaintiff's oral motion to amend his complaint was GRANTED, and the plaintiff was given until September 6, 2011, to file an amended complaint naming new defendants in this case.

5. A further case management conference is scheduled on **Thursday, October 13, 2011, at 2:00 p.m.,**[2] in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN.

As provided in the orders entered July 28, 2011 (Docket Entry No. 16) August 8, 2011 (Docket Entry No. 20), and August 16, 2011 (Docket Entry No. 23), the stay of discovery, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, is lifted.

Prior to October 13, 2011, counsel for parties shall meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and shall, to the extent possible, exchange initial disclosures pursuant to Rule 26(a)(1).

Prior to October 13, 2011, the initial case management conference, counsel for the parties shall also confer and shall prepare a revised proposed, joint initial case management order, including the parties' respective theories of the case, issues resolved and in dispute, proposed scheduling for the progression of the case, and any other relevant matters provided in Local Rule 16.01(d)(1)(c) and 16.01(d)(2), using the previously filed proposed initial case management orders (Docket Entry Nos. 25-26) as a starting point. If the parties anticipate discovery of electronically stored information, they shall include in the proposed initial case management order the methodology for such discovery. See Administrative Order No. 174, entered July 9, 2007. If the parties anticipate little, if any, electronic discovery and they believe it is not necessary to be governed by Administrative Order No. 174, they shall so provide in the proposed initial case management order.

Counsel shall e-file the proposed order prior to the initial case management conference.

---

[2] **Although, on August 23, 2011, the case management conference was scheduled to begin at 1:00 p.m., the Court has since realized that another matter was already scheduled at 1:00 p.m.; therefore, the case management conference is now scheduled to begin at 2:00 p.m.**

All counsel appearing at the initial case management conference shall bring with them their calendars and be cognizant of the calendars of any attorneys not appearing at the initial case management conference whose schedules are relevant to the scheduling in this case.

Plaintiff's counsel shall serve a copy of this order on the newly added defendants with the amended complaint and summons.

It is so ORDERED.

                                                                                       _____
                                                                                       JULIET GRIFFIN
                                                                                       United States Magistrate Judge